IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHELIA SANCHEZ                                                                                   PLAINTIFF

v.                                           Case No. 4:21-cv-4087

RAY'S HOSPITALITY LLC
and NIEHAL RAY RAHIM                                                                  DEFENDANTS

## ORDER

On November 17, 2021, Plaintiff Sheila Sanchez filed this action. Currently before the Court is her failure to demonstrate perfected service on Defendants within the time prescribed by the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 4 provides a deadline for proper service, as well as court discretion for extension of the service deadline, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1).

Plaintiff had ninety days to perfect service on Defendants, measured from November 17, 2021. Fed. R. Civ. P. 4(m). Accordingly, she had until February 7, 2022, to show perfected service. She did not do so and did not file a motion seeking an extension of her service period before it ran.

On February 17, 2022, the Clerk of Court issued a notice regarding the lack of proof of service on Defendants. The Clerk's notice directed Plaintiff to file by February 22, 2022, their

proof of timely service on Defendants or a statement as to when such proof would be filed. Plaintiff did not file either but rather, on February 21, 2022, filed a motion for a twenty-one-day extension of time to serve Defendants. The Court granted that motion the next day, giving her until March 15, 2022, to serve Defendants. (ECF No. 7). The Court warned, however, that if she failed to show perfected service by that date, the Court would dismiss any unserved Defendant pursuant to Rule 4(m).

Plaintiff did not show perfected service on Defendants by March 15, 2022 and has not showed it as of the date of this order. Further, she has not filed a motion for an additional extension of time and has not otherwise contacted the Court about her failure to show service. Thus, Rule 4 compels the Court to dismiss the case. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days . . ., the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice."). The Court's previous order (ECF No. 7) served as the required notice under Rule 4(m).

Plaintiff has failed to show completed service on Defendants within the required service period. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's claims in this case are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of March, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge